UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JANISHA GREGORIA CARABALLO,

                Plaintiff,                                        19 Civ. 10395 (AEK)

  -against-                                               **DECISION AND ORDER**

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      Currently before the Court is Plaintiff Janisha Gregoria Caraballo's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). ECF No. 31. For the reasons set forth below, the motion is GRANTED.

## BACKGROUND

      Plaintiff filed applications for Social Security Disability benefits and Supplemental Security Income benefits on May 19, 2016, with a claimed disability onset date of January 29, 2016. ECF No. 32 ("Berger Aff.") ¶ 1. On October 3, 2018, an administrative law judge ("ALJ") determined that Plaintiff was not entitled to benefits. *Id.* On September 12, 2019, the Social Security Administration ("SSA") Appeals Council denied Plaintiff's request for review of the ALJ's decision. *Id.* Thereafter, in November 2019, Plaintiff retained Daniel Berger, Esq. to litigate her claim in federal court. ECF No. 31-1.[1] Pursuant to the "Federal Court Retainer Agreement" executed by Plaintiff and counsel, Plaintiff agreed to pay Mr. Berger, for his work in

---

[1] The exhibits to the Berger Affirmation were erroneously filed as attachments to the notice of motion. *See* ECF No. 31.

federal court, 25 percent of any past-due benefits resulting from successful litigation of her claim, subject to the approval of the federal court and/or the SSA.  *Id.*

Plaintiff filed her complaint in this action on November 8, 2019.  ECF No. 1.  On July 17, 2020, Plaintiff submitted her motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  ECF Nos. 20-21.  On October 19, 2020, the parties submitted a proposed stipulation and order of remand, ECF No. 29, which was so ordered by the Court the following day, ECF No. 30.  Judgment was entered on October 21, 2020.  ECF No. 26.  Pursuant to a second stipulation and order submitted by the parties and signed by the Court, on January 27, 2021, Plaintiff was awarded attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $5,500.00.  ECF No. 30.

Upon remand to the SSA, a second hearing was held before a different ALJ.  Berger Aff. ¶ 5.  On July 25, 2022, that ALJ found that Plaintiff was disabled since her alleged disability onset date of January 29, 2016.  *Id.*  The SSA issued a notice of award ("NOA") to Plaintiff on November 26, 2022, setting forth the benefits she would be receiving.  ECF No. 31-3.  The NOA indicated that the SSA withheld 25 percent of the past-due benefits—a total of $15,500.25—to pay fees to Plaintiff's lawyer.  *Id.* at 3.  The SSA sent a copy of the NOA to Mr. Berger as well.  Berger Aff. ¶ 9.

Mr. Berger filed the instant motion, which seeks $15,500.25 in attorney's fees, on December 8, 2022.  ECF No. 31.[2]  On December 22, 2022, the Commissioner filed a response in her limited role "resembling that of a trustee for the claimant[ ]."  ECF No. 35 ("Def.'s Ltr.") at 1

---

[2] Mr. Berger acknowledges that if he is awarded $15,500.25 in fees pursuant to 42 U.S.C. § 406(b), he will remit the previously awarded $5,500 in EAJA fees directly to Plaintiff.  *See* ECF No. 33 ("Mem. in Supp.") at 5; *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (while fee awards may be made under both EAJA and Section 406(b), "the claimant's attorney must refund to the claimant the amount of the smaller fee") (cleaned up).

(citing *Gisbrecht*, 535 U.S. at 798 n.6).  The Commissioner did not take a specific position with respect to the fee request, and instead "respectfully defer[red] to the Court [to] determine whether the requested fee is reasonable."  *Id.* at 2.

## DISCUSSION

### I.     Legal Standard

"Three statutes authorize attorney's fees in social security actions.  42 U.S.C. § 406(a) compensates attorneys for their representation at the administrative level; 42 U.S.C. § 406(b) compensates attorneys for representation before federal courts; and the EAJA provides additional fees if the Commissioner's position was not 'substantially justified.'"  *LaFrance v. Saul*, No. 17-cv-4709 (CM) (SN), 2019 WL 4677041, at *1 (S.D.N.Y. Aug. 26, 2019) (citing *Gisbrecht*, 535 U.S. at 794-96), *adopted by* 2019 WL 4565074 (S.D.N.Y. Sept. 20, 2019).  Pursuant to Section 406(b), which is invoked here, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," as long as the fee does not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b)(1)(A).

### II.    Analysis

#### 1.     Timeliness

In *Sinkler v. Berryhill*, the Second Circuit concluded that the 14-day filing period for seeking attorney's fees set forth in Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure applies to attorney's fees applications under 42 U.S.C. § 406(b); the filing period runs from the date on which the NOA is received, and the period may also be subject to equitable tolling.  932 F.3d 83, 85 (2d Cir. 2019).  Here, the NOA is dated November 26, 2022, *see* ECF No. 31-3, and

the motion for attorney's fees was filed 12 days later, on December 8, 2022, *see* ECF No. 31. Accordingly, the motion was timely filed.

### 2. Reasonableness of the Fee Award

To ensure that contingency fees are employed fairly in Social Security cases, "Congress capped contingency fees at twenty-five percent of the claimant's past-due benefits and charged courts with ensuring that resulting fees are 'reasonable.'" *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022). "[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Id.* at 852-53 (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)) (quotation marks omitted). "When conducting its analysis, the court's primary inquiry should be on the reasonableness of the contingency agreement in the context of the particular case and not merely to rubber stamp the contingent fee agreement." *Caraballo v. Comm'r of Soc. Sec.*, No. 17-cv-7205 (NSR) (LMS), 2021 WL 4949217, at *2 (S.D.N.Y. Oct. 22, 2021) (citing *Wells*, 907 F.2d at 371).

To assess the reasonableness of a contingency fee, a court must first "'determine whether the contingency percentage is within the 25% cap' and . . . 'whether there has been fraud or overreaching in making the agreement.'" *Fields*, 24 F.4th at 853 (quoting *Wells*, 907 F.2d at 372). A court must then consider the following factors to determine the reasonableness of a requested award: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved," (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused," and (3) "if the benefits are large in comparison to the amount of time

4

counsel spent on the case, the so-called windfall factor." *Id.* (quoting *Gisbrecht*, 535 U.S. at 808) (cleaned up).

Here, as the Commissioner notes, counsel's requested fee "is not greater than 25% of Plaintiff's past due benefits," Def.'s Ltr. at 2, and further, there is no evidence or suggestion of fraud or overreaching in the negotiation of the fee agreement.

The Court turns next to the reasonableness factors. First, the fee, comprising 25 percent of Plaintiff's past-due benefits award, *see* NOA at 3, is in accordance with the character of the representation and the results achieved. After bringing this action to challenge the denial of benefits, Mr. Berger was able to achieve a successful result for his client, as the Commissioner agreed to remand the case to the agency for further proceedings. ECF No. 25; Berger Aff. ¶ 3. Back before the SSA, Plaintiff was granted a second hearing before an ALJ, who found Plaintiff to be disabled and entitled to receive benefits. Berger Aff. ¶ 5; *see, e.g.*, *Shrack v. Saul*, No. 16-cv-2064 (RMS), 2020 WL 373074, at *2 (D. Conn. Jan. 23, 2020) (finding that where "plaintiff sought and obtained a Sentence Four remand, and the plaintiff received a fully favorable result upon remand," fee was in line with character of representation and results achieved).

Second, Plaintiff's counsel did not cause any unreasonable delay in this action. Plaintiff's counsel requested—and was granted—just one 30-day extension of time to file his motion for judgment on the pleadings, *see* ECF Nos. 15, 17-19, and then filed the motion five days early. *See* ECF Nos. 20-21.

Third, with respect to the so-called "windfall" factor, counsel's requested fee of $15,500.25 is not inappropriately large in light of the 27.1 hours that counsel devoted to the case

and the successful result that was achieved. *See* Berger Aff. ¶ 7; ECF No. 31-2 (time records).[3] For purposes of evaluating the "windfall" factor, the Second Circuit has instructed courts to look beyond the *de facto* hourly rate and to assess: (1) the "ability and expertise" of the attorneys, (2) the "nature and length of the professional relationship" with the claimant, (3) the "satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields*, 24 F.4th at 854-55.

Here, Mr. Berger has worked for many years on Social Security disability cases at the federal and administrative levels, *see* Berger Aff. ¶ 8, and certainly possesses the requisite ability and expertise in this field. Mr. Berger's work on this matter in federal court included the review of a 524-page administrative record and drafting a memorandum of law, which eventually resulted in a stipulated remand by the Commissioner. Courts within the Second Circuit generally and routinely endorse 20-40 hours for work performed by counsel in Social Security disability cases. *See Bass v. Kijakazi*, No. 16-cv-6721 (JCM), 2022 WL 1567700, at *4 (S.D.N.Y. May 18, 2022). Mr. Berger's 27.1 hours of work clearly falls within this range. Additionally, this Court has no reason to believe that Plaintiff is in any way unsatisfied with the results of counsel's representation. Indeed, Plaintiff was awarded $62,000.00 in past-due benefits, and was found eligible for $727 per month in benefits going forward. *See* Mem. in Supp. at 3; NOA at 2; *Bass*, 2022 WL 1567700, at *5 (finding that counsel's success in advocating on behalf of plaintiff "militate[s] in favor of approving" fee request). Further, given that Plaintiff did not secure a remand until after she had briefed the issues in this Court, it is apparent that a favorable outcome was uncertain. *See Fields*, 24 F.4th at 856 ("A windfall is more likely to be present in a

---

[3] An additional 0.6 hours of time is attributable to work performed by a paralegal. *See* ECF No. 31-2.

case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery.  That kind of unearned advantage is what the windfall concern really is about.").  In these types of circumstances, contingency agreements, like the one at issue here, present risks of non-payment— "payment . . . is inevitably uncertain, and any reasonable fee award must take account of that risk." *Id.* at 855-56 (quotation marks omitted).  The award amount sought here appropriately reflects that risk.

Turning to the *de facto* rate—which is not dispositive, *see id.* at 854—counsel would effectively be compensated here at $571.96 per hour ($15,500.25 for 27.1 hours worked).  This rate is well within the range of *de facto* hourly rates approved by courts within this Circuit, and is substantially less than the $1,556.98 *de facto* hourly rate approved by the Second Circuit in *Fields*.  *See id.* at 854-57.  Accordingly, the Court finds that Mr. Berger's requested fee award of $15,500.25 is reasonable.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for attorney's fees (ECF No. 31) is GRANTED, and Mr. Berger is awarded $15,500.25.  Mr. Berger is directed to promptly refund to Plaintiff $5,500.00, which represents the EAJA fees that counsel previously received, upon receipt of the award addressed in this Decision and Order.

Dated: February 6, 2023
        White Plains, New York

**SO ORDERED**.

_____
ANDREW E. KRAUSE
United States Magistrate Judge